UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YIATIN CHU; CHINESE AMERICAN CITIZENS ALLIANCE OF GREATER NEW YORK; INCLUSIVE EDUCATION ADVOCACY GROUP; and HIGHER WITH OUR PARENT ENGAGEMENT,<br><br>Plaintiffs,<br><br>v.<br><br>BETTY A. ROSA, in her official capacity as Commissioner of Education for the State of New York,<br><br>Defendant. | No. 1:24-cv-75 (DNH/CFH)<br><br>**COMPLAINT** |

**INTRODUCTION**

1.  For thirty-nine years, New York State has funded a racially-discriminatory science enrichment program for middle and high school students. If "[e]liminating racial discrimination means eliminating all of it," then the time has come for New York to open this opportunity to *all* students, regardless of race or ethnicity. *Students for Fair Admissions v. President and Fellows of Harvard College*, 600 U.S. 181, 206 (2023). Thirty-nine years of discrimination is enough.

2.  Through the Science and Technology Entry Program (STEP), N.Y. Educ. Law § 6454, New York State funds summer and academic-year programs for 7-12 graders at higher education institutions around the state. These programs give students interested in science, technology, and related fields a head start to achieve their career goals through tutoring, college counseling, test prep, and hands-on lab and research opportunities—all free of charge to the students.

1

3.      However, when it comes to which students are eligible to apply, STEP's regulations discriminate based on race and ethnicity. Black, Hispanic, Native American, and Alaskan Native student applicants are eligible to apply regardless of their family's income level. All other student applicants, including Asian and white students, must first prove that their families are economically disadvantaged. In other words, the Hispanic child of a multi-millionaire is eligible to apply to STEP, while an Asian American child whose family earns just above the state's low-income threshold is not, solely because of her race or ethnicity.

4.      Today, an individual parent and three Asian-American organizations that are devoted to fighting for equal opportunity in education bring this civil rights action to vindicate their equal protection rights under the Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

5.      This action arises under the Fourteenth Amendment to the United States Constitution, through 42 U.S.C. § 1983. The Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1), as the Defendant resides within this District.

## PARTIES

7.      Plaintiff Yiatin Chu is a parent and education advocate living in New York City. Ms. Chu is a co-founder and leader of PLACE NYC and the Asian Wave Alliance, as well as a member of the Chinese American Citizens Alliance of Greater New York. Ms. Chu's daughter, N.C., is Asian American and a New York State resident. N.C. is enrolled in the seventh grade, is in good academic standing, has an overall GPA above 80, and has above an 80 average in Math,

Science, and English. N.C. would like to apply for admission to the summer 2024 STEP program at New York University but cannot because she is subject to additional eligibility requirements because of her race.

8. Plaintiff Chinese American Citizens Alliance of Greater New York (CACAGNY) is a New York City nonprofit organization organized under Section 501(c)(8) of the Internal Revenue Code. Its mission is to empower Chinese Americans by advocacy for Chinese-American interests based on the principles of fairness and equal opportunity, and guided by the ideals of patriotism, civility, dedication to family and culture, and the highest ethical and moral standards. CACAGNY has a member whose seventh-grade daughter would like to apply to the summer 2024 STEP program at New York University but cannot because she is subject to additional eligibility requirements because of her race or ethnicity. *See* Chu Decl., Exhibit A.

9. Plaintiff Inclusive Education Advocacy Group (IEAG) is a New York City grassroots parent organization whose mission is to fight discriminatory eligibility and admissions practices that restrict applicants based on race or ethnicity. IEAG believes that state-funded programs like STEP should be open to New York students of all races and ethnicities equally. IEAG has a member whose tenth-grade child attempted to apply for the STEP program at CUNY Baruch College for the summer 2023 STEP program but was ineligible because her race subjected her to additional income requirements. This IEAG member's eighth-grade child would like to apply to the STEP programs at New York University and CUNY Baruch College for summer 2024 but cannot because he is subject to additional eligibility requirements because of his race. *See* Redacted Decl., Exhibit B.

10. Plaintiff Higher with Our Parent Engagement (HOPE) is a New York City nonprofit organization with a pending application for Internal Revenue Code Section 501(c)(3) status. Its

3

mission is to help Chinese-American parents in the New York City area, particularly those who are first-generation immigrants, understand the educational opportunities available to their children and offer guidance in navigating the application process for those opportunities. HOPE also supports members whose children experience bullying and provides translation services to empower parents and grandparents to engage with their children's schools. HOPE has a member whose sixth-grade son would like to apply to the STEP program at New York University for fall 2024 but cannot because he is subject to additional eligibility requirements because of his race. *See* Chen Decl., Exhibit C.

11. Defendant Betty A. Rosa is the Commissioner of Education and President of the University of the State of New York. Commissioner Rosa leads the New York State Education Department, which administers STEP through the Office of Postsecondary Access, Support, and Success. By law, the Commissioner of Education establishes the criteria for awarding STEP grants to higher education institutions, selects grant recipients, approves amendments to grant recipients' plans of instruction, approves additional criteria for measuring whether a student applicant exhibits "the potential for college level study if provided with special services," and is authorized to require periodic reporting by grant recipients on topics like compliance, curricula, and funding. N.Y. Educ. Law § 6454(3)(b), (5)(a)-(b), (6), and (8). Commissioner Rosa is sued in her official capacity.

**FACTUAL ALLEGATIONS**

*The Science and Technology Entry Program (STEP)*

12. STEP, first enacted in 1985, is intended to "assist eligible students in acquiring the skills, attitudes and abilities necessary to pursue professional or pre-professional study in post-secondary degree programs in scientific, technical and health-related fields." N.Y. Educ. Law § 6454(2).

4

13. The statute defines "eligible students" as "secondary school students who are either economically disadvantaged or minorities historically underrepresented" in the target fields. N.Y. Educ. Law § 6454(1)(b). Specifically, under regulations promulgated pursuant to STEP, applicants who are black, Hispanic, American Indian, or Alaskan Native are eligible to apply to a STEP program regardless of economic status. 8 NYCRR § 145-6.5(a). Applicants who do not meet these race and ethnicity requirements must demonstrate that they are "economically disadvantaged." N.Y. Educ. Law § 6454(1)(b)

14. Neither the STEP statute nor its implementing regulations define "economically disadvantaged." On its website, the New York State Education Department publishes income eligibility criteria for STEP. These criteria are defined in the implementing regulations for STEP's collegiate counterpart, N.Y. Educ. Law § 6455, as "a member of a household where the total annual income of such household is equal to or less than 185 percent of the amount under the annual United States Department of Health and Human Services poverty guidelines for the applicant's family size for the applicable year." 8 NYCRR §§ 27-1.1(b)(1); 27-2.6.

15. STEP's race-based eligibility requirements were not enacted to remedy specific, identified instances of past discrimination by the institutions receiving STEP funding against black, Hispanic, Native American, or Alaskan Native student applicants that violated the Constitution or a statute. Instead, its purpose is to "promote increased access to careers in medicine and other professional fields for minority and disadvantaged students and to increase the supply of physicians in medically underserved areas." Mem. in Support of Legislation, L. 1985, ch. 31.

16. STEP programs are funded through grants awarded by the Commissioner of Education. N.Y. Educ. Law § 6454(5)(a). Fifty-six colleges, universities, and medical schools around New York State receive funding through STEP, admitting students in grades 7-12 for programs that include instruction in core subjects, preparation for the New York State Regents Exam, supervised practical training, supervised research training, college admissions counseling, SAT/ACT preparation, and career awareness activities like field trips and college visits.

17. In greater New York City, where N.C. and CACAGNY, IEAG, and HOPE's members' children reside, there are 33 higher education institutions that operate STEP programs for local students. Each institution requires students to meet the STEP race or ethnicity and income eligibility criteria to qualify for the programs.

18. Applications for STEP summer sessions at several participating institutions in the New York City area will open in February 2024. STEP's race-based eligibility requirements will be enforced through racial-screening questions in these applications. For example, the STEP application[1] for CUNY Baruch College's middle school program immediately asks about the student's race:

---

[1] CUNY Baruch College, *Baruch College Spring 2024 Biology Program application,* *https://baruch.az1.qualtrics.com/jfe/form/SV_00zuQuuA7QFvbOS* (last visited Jan. 10, 2024).

**Ethnicity**
- If you identify as African American or Latino, **no further documentation is needed.**
- If you identify as Native American Indian or Alaskan Native, **official documentation of membership must be provided.**
- All other ethnicities (i.e. Asian, White) must meet the state-determined criteria. A student is considered economically disadvantaged if the student's household income is less than or equal to the income levels indicated below. Please provide your household's **2022 IRS Form 1040** as proof.

**New York State Opportunity Programs Income Eligibility Criteria 2023-2024**

| Members in household (including head of household) | Total Annual Income (2022) |
| --- | --- |
| 1 | $25,142 |
| 2 | $33,874 |
| 3 | $42,606 |
| 4 | $51,338 |
| 5 | $60,070 |
| 6 | $68,802 |
| 7 | $77,534 |
| 8 | $86,266 |

☐ Alaskan Native

☐ Asian

☐ Black/African American

☐ Hispanic/Latino

☐ Native American

☐ White

I am a member of one of the following groups: Black/African American, Hispanic/Latino, American Indian, or Alaskan Native.

○ Yes

○ No

19.     If the applicant chooses Asian or white, the application asks again for confirmation before requiring proof of family economic status:

**I identify as Asian or White**
○ Yes
○ No

7

**Income Verification**
You are applying under economic disadvantage status. *To provide proof of your income eligibility, upload your household's 2022 IRS Form 1040 here.*

- A student is considered economically disadvantaged if the student's household income needs to be less than or equal to the income levels indicated below.

**New York State Opportunity Programs Income Eligibility Criteria 2023-2024**

| Members in household (including head of household) | Total Annual Income (2022) |
|---|---|
| 1 | $25,142 |
| 2 | $33,874 |
| 3 | $42,606 |
| 4 | $51,338 |
| 5 | $60,070 |
| 6 | $68,802 |
| 7 | $77,534 |
| 8 | $86,266 |

**STOP! If you don't match the ethnic or economic criteria listed above, you do not qualify for this program.**

20. Applicants to the STEP program operated by New York University's medical school are made aware of the racial and ethnic criteria via the program's website[2]:

- Economically disadvantaged*, or Black/African American, Hispanic/Latino, Alaskan Native or American Indian; and will benefit from academic enrichment.

---

[2] Columbia University, *Eligibility and Selection Criteria, Columbia Vagelos College of Physicians and Surgeons*, https://www.vagelos.columbia.edu/education/academic-programs/additional-educational-opportunities/summer-youth-programs/middle-high-school-students/state-pre-college-enrichment-program-s-prep/eligibility-and-selection-criteria (last visited Jan. 16, 2024).

8

21. Applicants to Fordham University's STEP programs are informed of the racial and ethnic criteria before beginning their applications[3]:

> **To be an eligible applicant for the STEP program, you must:**
> - Be a resident of New York State
> - Be available for all dates of the program
> - Be a middle or high school student: 7th-12th grade
> - Have an 85 average in Math and Science courses and overall good academic standing
> - Identify as African American/Black, Latinx/Hispanic, Native American Indian or Alaskan Native, OR meet the requirements for economically disadvantaged status

*STEP's Impact on Plaintiffs*

22. Asian American student applicants, like N.C. and the children of the organizational Plaintiffs' members, do not meet STEP's definition of a historically underrepresented minority. 8 NYCRR § 145-6.5(a).

23. Student applicants who are black, Hispanic, Native American, or Alaskan Native are automatically eligible to apply for a STEP opportunity, even if their family's socioeconomic status is much higher than an Asian American student applicant's.

24. Because of their race and ethnicity, N.C. and CACAGNY, IEAG, and HOPE members' children are excluded from consideration for STEP unless they can demonstrate economic disadvantage—a requirement that applicants who are black, Hispanic, Native American, or Alaskan Native are never required to meet.

---

[3] Fordham University, *Fordham University STEP Spring 2024 Program Application* https://docs.google.com/forms/d/e/1FAIpQLScw8IYvkC8UBL9_z8Cxem_fDBW8ypKLe883UepQ49zt7JZ-ag/formResponse (last visited Jan. 10, 2024).

25. Plaintiffs have no plain, speedy, and adequate remedy at law for this violation of their right to equal protection. Damages are indeterminate or unascertainable and would not fully redress Plaintiffs' harm.

## CAUSE OF ACTION

### STEP's Race-Based Eligibility Requirements Violate the Equal Protection Clause of the Fourteenth Amendment, through 42 U.S.C. § 1983

26. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

27. STEP requires student applicants to be treated differently based on their race or ethnicity.

28. Because STEP mandates that student applicants be treated differently based on their race or ethnicity, it must satisfy strict scrutiny.

29. Defendant does not have a compelling interest that justifies STEP's racial and ethnic classifications.

30. STEP's racial and ethnic classifications are not narrowly tailored to meet any such compelling interest.

31. Because STEP uses racial and ethnic classifications to determine student applicant eligibility, furthers no compelling interest, and is not narrowly tailored, it violates the Equal Protection Clause.

32. Plaintiffs have in the past, and, unless enjoined by this Court, will continue to be harmed in the future by STEP's racial classifications.

33. Accordingly, Plaintiffs are entitled to injunctive and declaratory relief.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for relief as follows:

1. A judgment declaring that the use of racial classifications and eligibility criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR 145-6.5(a) violates the Fourteenth Amendment to the United States Constitution;

2. Preliminary and permanent injunctions prohibiting Defendant from enforcing the use of racial classifications and criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a);

3. An award to Plaintiffs of such costs and attorneys' fees as allowed by law; and

4. Any other relief that the Court deems just and proper.

DATED: January 17, 2024.                    Respectfully submitted,

                                                              /s/ Caleb J. Kruckenberg

ERIN E. WILCOX*  
Cal. Bar No. 337427  
Pacific Legal Foundation  
555 Capitol Mall, Suite 1290  
Sacramento, CA 95814  
Telephone: (916) 419-7111  
ewilcox@pacificlegal.org  

CALEB J. KRUCKENBERG  
N.Y.N.D. No. 700434  
Pacific Legal Foundation  
3100 Clarendon Blvd., Suite 1000  
Arlington, VA 22201  
Telephone: (202) 888-6881  
ckruckenberg@legalinsurrection.com  

DAVID J. HOFFA*  
Ariz. Bar No. 038052  
Pacific Legal Foundation  
3241 E. Shea Blvd., Suite 108  
Phoenix, AZ 85028  
Telephone: (916) 419-7111  
dhoffa@pacificlegal.org  

WILLIAM A. JACOBSON, ESQ.*  
JAMES R. NAULT, ESQ.*  
Equal Protection Project of the  
  Legal Insurrection Foundation  
18 Maple Ave., #280  
Barrington, RI 02806  
Telephone: (401) 246-4192  
contact@legalinsurrection.com  
jnault@legalinsurrection.com  

*Pro Hac Vice Pending*

*Counsel for Plaintiffs*