UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

N.C. ex rel. YIATIN CHU; CHINESE AMERICAN
CITIZENS ALLIANCE OF GREATER NEW YORK;
INCLUSIVE EDUCATION ADVOCACY GROUP; and
HIGHER WITH OUR PARENT ENGAGEMENT,

                              *Plaintiffs*,

      -against-

BETTY A. ROSA, in her official capacity as
Commissioner of Education for the State of
New York,

                              *Defendant*.

1:24-cv-75

(DNH/CFH)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1)**

                              LETITIA JAMES
                              Attorney General
                              State of New York
                              *Attorney for Defendant*
                              The Capitol
                              Albany, New York 12224

Lela M. Gray
Assistant Attorney General, of Counsel
Bar Roll No. 517342
Telephone: (518) 776-2590

                                                      Date: April 19, 2024

**Table of Contents**

PRELIMINARY STATEMENT .................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 1

    1.    STEP ................................................................................................................. 1

    2.    PLAINTIFFS' ALLEGATIONS ....................................................................... 2

STANDARD OF REVIEW ........................................................................................................ 4

ARGUMENT ............................................................................................................................... 5

    A.    NONE OF THE PLAINTIFFS HAVE STANDING WHERE THE RELIEF SOUGHT WOULD NOT REDRESS THE ALLEGED INJURY ........... 5

    B.    PLAINTIFFS ALLEGE A GENERALIZED GRIEVANCE, NOT AN INJURY IN FACT ............................................................................................... 7

    C.    THE ORGANIZATIONAL PLAINTIFFS LACK STANDING WHERE THEY ALLEGE NO DIRECT INJURY TO THE ORGANIZATIONS AND THEIR MEMBERS WOULD NOT HAVE STANDING INDIVIDUALLY ................................................................................................ 11

        a.    None of the Organizational Plaintiffs' Members Allege an Injury-in-Fact to Their Own Legally Protected Interests ..................................... 12

        b.    None of the Organizational Plaintiff Members Could Assert Claims Individually for an Alleged Violation of Their Child's Rights Relative to a Government Funded School Program .................................. 14

CONCLUSION .......................................................................................................................... 17

Defendant, Betty A. Rosa, in her official capacity as Commissioner of the New York State Education Department, respectfully submits this Memorandum of Law in support of her Motion to Dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

## PRELIMINARY STATEMENT

In this 42 U.S.C. § 1983 action, Plaintiffs, a minor represented by her parent who is an alleged "education advocate," and three organizations, challenge aspects of the New York Science and Technology Entry Program ("STEP") codified at N.Y. Educ. Law § 6454, contending that STEP's eligibility criteria are racially discriminatory and violate the 14th Amendment of the U.S. Constitution.  First Amended Complaint, ECF No. 28 ("Amended Compl.") ¶¶ 7-10, 28-32. Despite amending their pleading, none of the Plaintiffs sustained an injury in fact redressable by this Court, and none would personally benefit from a grant of the relief requested.  Additionally, Plaintiffs, Chinese American Citizens Alliance of Greater New York ("CACAGNY"), Inclusive Education Advocacy Group ("IEAG"), and Higher with Our Parent Engagement ("HOPE") (collectively the "Organizational Plaintiffs"), fail to allege any direct injury and have no members who would have proper standing individually.  Therefore, none of the Plaintiffs have standing, leaving the Court without the requisite subject matter jurisdiction over their claims.

## STATEMENT OF FACTS

### 1. STEP

STEP's purpose is to "assist eligible students in acquiring the skills, attitudes and abilities necessary to pursue professional or pre-professional study in post-secondary degree programs in scientific, technical and health-related fields." N.Y. Educ. Law § 6454(2).  "Eligible students" are defined as "secondary school students who are either economically disadvantaged or minorities historically underrepresented in the scientific, technical, health, and health-related professions."

1

N.Y. Educ. Law § 6454(1)(b). "Economically disadvantaged" students are students who are "a member of a household where the total annual income of such household is equal to or less than 185 percent of the amount under the annual United States Department of Health and Human Services poverty guidelines for the applicant's family size for the applicable year." 8 NYCRR §§ 27.1.1(b)(1); 27-2.6. "Minorities historically underrepresented in the scientific, technical, health, and health-related professions" include African Americans, Hispanics/Latinos, Alaskan Natives and American Indians. 8 NYCRR § 145-6.5(a).

## 2. PLAINTIFFS' ALLEGATIONS

Plaintiff N.C. is a 7th grade student who is able and ready to apply for admission to the summer 2024 STEP program at New York University. Amended Compl. ¶ 7. However, because N.C. is Asian American, she must satisfy a family income threshold to be eligible to apply for STEP. Declaration of Yiatin Chu, ECF No. 28-1 at ¶ 8. Plaintiff CACAGNY is a New York City based non-profit organization with a mission "to empower Chinese Americans by advocacy for Chinese-American interests." Amended Compl. ¶ 8. The children of two CACAGNY members are able and ready to apply for the 2024 STEP program but allegedly cannot apply because of their race and the fact that they have to satisfy a family income threshold. Amended Compl. ¶ 8; Declaration of Yiatin Chu, ECF No. 28-1 at ¶ 8; Declaration of Chien Kwok, ECF No. 28-2 at ¶ 8. Plaintiff N.C. is the daughter of CACAGNY member, Yiatin Chu. *See* Declaration of Yiatin Chu, ECF No. 28-1 at ¶ 4.

Plaintiff IEAG is a New York City organization with "members who are the parents of New York City schoolchildren." Amended Compl. ¶ 9. One IEAG member's eleventh-grade child was allegedly unable to apply for the summer of 2023 STEP program at CUNY Baruch College because of the child's race and the child's inability to satisfy the family income threshold

2

requirement.  Amended Compl. ¶ 9; Redacted Declaration, ECF No. 28-3 at ¶ 7.  The 8th grade child of the same IEAG member would like to apply to the summer 2024 STEP programs at New York University and CUNY Baruch College but supposedly cannot because of his race and family income.  Amended Compl. ¶ 9; Redacted Declaration, ECF No. 28-3 at ¶ 13.  Lastly, Plaintiff HOPE is a New York City non-profit organization with a mission "to help Chinese-American parents in the New York City area" by providing information, parental support, guidance, and even translation services "to empower parents and grandparents to engage with their children's schools."  Amended Compl. ¶ 10.  The sixth-grade child of a HOPE member is purportedly ready and willing to apply to the fall 2024 STEP program at New York University but cannot apply due to his race and family income.  Amended Compl. ¶ 10; Declaration of Yi Fang Chen, ECF No. 28-4 at ¶¶ 3-8.

Plaintiffs allege that in the New York City area where N.C. and CACAGNY, IEAG, and HOPE's members' children reside, there are 33 higher education institutions that operate STEP programs, and each institution requires students to meet the STEP race/ethnicity or income eligibility criteria to qualify for the programs.  Amended Compl. ¶ 17.  Plaintiffs complain that "Asian American student applicants, like N.C. and the children of the organizational Plaintiffs' members, do not meet STEP's definition of a historically underrepresented minority" (citing 8 NYCRR § 145-6.5 [a]) and "[b]ecause of their race and ethnicity, N.C. and CACAGNY, IEAG, and HOPE members' children are excluded from consideration for STEP unless they can demonstrate economic disadvantage . . ."[1]  Amended Compl. ¶¶ 23, 25.  Plaintiffs allege that STEP

---

[1] While factual allegations in the Amended Complaint should be presumed as true for the purposes of a Rule 12(b) motion, the presumption of truth does not apply to legal conclusions or legal arguments set forth in the Amended Complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-680 (2009).

3

violates the Equal Protection Clause, Amended Compl. ¶ 32, and they seek (1) a declaratory order declaring that the use of racial classifications as eligibility criteria in N.Y. Educ. Law § 6454(1)(b) and 8NYCRR § 145-6.5(a) violates the Fourteenth Amendment to the U.S. Constitution, (2) preliminary and permanent injunctions prohibiting the enforcement of the racial classification criteria in N.Y. Educ. Law § 6454(1)(b) and 8NYCRR § 145-6.5(a), and (3) costs, and attorneys' fees.  Amended Compl. p.11 ("PRAYER FOR RELIEF").

## STANDARD OF REVIEW

Article III of the U.S. Constitution limits the jurisdiction of federal courts to cases with standing, *see Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014), and is "perhaps the most important" of the case-or-controversy limitations placed upon federal judicial power.  *See Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 85 (2d Cir. 2006) (citation omitted).  A federal court has no subject matter jurisdiction over the case unless the plaintiffs establish standing.  *See In re U.S. Catholic Conference*, 885 F. 2d 1020, 1023 (2d Cir. 1989).  Thus, standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Plaintiffs bear the burden of establishing standing.  *See Susan B. Anthony List*, 573 U.S. at 158; *see also H.B. v. Byram Hills Cent. School Dist.*, 648 Fed. Appx. 122, 125 (2d Cir. 2016) (holding that a plaintiff has the burden of establishing the requisite standing to pursue their claims). Furthermore, Plaintiffs must demonstrate standing for each form of relief that they seek.  *Soul v. Connecticut Assoc. of Schools*, 90 F. 4th 34, 45 (2d Cir. 2023).  At the pleading stage, plaintiffs must "clearly allege facts demonstrating" that they are the "proper party to invoke judicial resolution of the dispute." *Warth*, 422 U.S. at 518.  Standing "cannot be 'inferred argumentatively from averments in the pleadings' . . . [and] 'must affirmatively appear in the record.'" *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (citations omitted).  The focus of the standing

4

analysis is on "the party seeking to invoke federal jurisdiction, rather than the justiciability of the issue at stake in the litigation." *Montesa v. Schwartz*, 836 F. 3d 176, 195 (2d Cir. 2016) (quoting *Fulani v. Bentsen*, 35 F. 3d 49, 51 (2d Cir. 1994)).

A motion to dismiss is properly granted under FRCP 12(b)(1) for lack of subject matter jurisdiction if the court does not have "the statutory or constitutional power to adjudicate" the case. *Aron v. Becker*, 48 F. Supp. 3d 347, 361 (N.D.N.Y. 2014). Plaintiffs must prove standing by a preponderance of the evidence to defeat the motion. *Id*. Plaintiffs cannot meet their burden in this matter because none of them have standing.

## ARGUMENT

Under the law of Article III standing, plaintiffs are required to demonstrate that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In this case, none of the Plaintiffs can satisfy the Article III standing requirements because their claims are not redressable by this Court and they allege only a generalized grievance, not an injury in fact.

### A. NONE OF THE PLAINTIFFS HAVE STANDING WHERE THE RELIEF SOUGHT WOULD NOT REDRESS THE ALLEGED INJURY

"To satisfy the redressability element of Article III standing, a plaintiff must show that it is 'likely, as opposed to merely speculative, that the [alleged] injury will be redressed by a favorable decision.'" *Soule v. Connecticut Assoc. of Schools*, 90 F. 4th 34, 47 (2d Cir. 2023) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. at 561). "[T]he remedy sought must redress the particularized harm that Plaintiffs allege[,]" because "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Id.* at 50 (quoting *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107

5

(1998)). Essentially, if the "relief [sought] no more directly and tangibly benefits [the Plaintiff] than it does the public at large—[Plaintiff] does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. Where the relief sought would not likely remedy the alleged injury in fact, dismissal of the complaint is appropriate. *Steel Co.*, 523 U.S. at 109-10.

In this case, the Amended Complaint and supporting declarations prove that the alleged injury cannot be redressed by a favorable decision issued by this Court. Plaintiffs ask this Court to (1) declare that the use of racial classifications and eligibility criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a) violates the Fourteenth Amendment to the U.S. Constitution, and (2) issue preliminary and permanent injunctions prohibiting the enforcement of the racial classification criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a). Amended Compl. p.11 ("PRAYER FOR RELIEF"). However, a grant of the relief requested does nothing for the Plaintiffs in this case because none of the children qualify for STEP in the absence of the challenged racial classifications and eligibility criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a). Assuming the truth of the factual allegations set forth in the Amended Complaint and supporting declarations, Plaintiffs cannot meet the family income qualifications, which would still exist in the absence of the racial classifications and eligibility criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a).[2] *See generally*, Amended Compl.; Declaration of Yiatin Chu, ECF No. 28-1 at ¶ 8; Declaration of Chien Kwok, ECF No. 28-2 at ¶ 8; Redacted Declaration, ECF No. 28-3 at ¶¶ 7, 13; Declaration of Yi Fang Chen, ECF No. 28-4 at ¶ 8.

---

[2] The use of economic need criteria has been upheld as constitutional. *See Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 284 (S.D.N.Y. Mar. 4, 2019), *aff'd*, 788 F. App'x 85 (2d Cir. 2019).

Therefore, if this Court grants exactly the relief requested by the Plaintiffs, Plaintiffs will be in the exact position that they were in when this case was filed—they will still be "excluded from consideration for STEP . . . ." *See* Amended Compl. ¶ 25.  They will still be unqualified to apply to STEP because none of the children meet the family income requirements for the program. *See generally*, Amended Compl.; Declaration of Yiatin Chu, ECF No. 28-1 at ¶ 8; Declaration of Chien Kwok, ECF No. 28-2 at ¶ 8; Redacted Declaration, ECF No. 28-3 at ¶¶ 7, 13; Declaration of Yi Fang Chen, ECF No. 28-4 at ¶ 8.  Thus, granting the relief sought by the Plaintiffs "no more directly and tangibly benefits [the Plaintiffs] than it does the public at large."[3]  *See Lujan*, 504 U.S. at 573-74.  The relief sought would simply deprive the children who qualified on the basis of race without helping the Plaintiffs at all.  As a result, Plaintiffs fail to state an Article III case or controversy.  *See id.*  Dismissal of the Amended Complaint is appropriate.  *Steel Co.*, 523 U.S. at 109-10.

### B. PLAINTIFFS ALLEGE A GENERALIZED GRIEVANCE, NOT AN INJURY IN FACT

To establish an "injury in fact" at the pleading stage, Plaintiffs must allege facts showing that at the time this suit was filed they suffered a harm, which was both concrete and particularized, and either actual or imminent.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  As to the first prong above, the injury cannot be "conjectural or hypothetical" and must directly and individually impact each Plaintiff.  *MGM Resorts International Global Gaming Dev. v. Malloy*, 861 F.3d 40, 45 (2017) (citing *Adarand Constructors v. Pena*, 515 U.S. 200, 211 (1995)).  The second prong requires that the injury be either actual or "certainly impending" and "not too speculative."  *Id.* (quoting *Lujan*, 504 U.S. at 565 n.2).

---

[3] This point also supports the next argument of why these particular Plaintiffs do not have an "injury in fact."  *See infra*.

Plaintiffs cannot merely plead "a grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law." *Carney v. Adams*, 592 U.S. 53, 58 (2020) (citation omitted). Generalized grievances do not count as an "injury in fact," and consequently, do not show standing. *Id.* Facts must be plead to "differentiate [Plaintiffs] from a general population of individuals affected in the abstract by the legal provision [under] attack[ ]." *Id.* Allowing less "would significantly weaken the longstanding legal doctrine preventing this Court from providing advisory opinions at the request of one who, without other concrete injury, believes the government is not following the law." *Id.* Thus, federal courts have repeatedly denied standing in cases involving generalized grievances even where illegal government conduct was alleged, *see U.S. v. Hays*, 515 U.S. 737, 743 (listing cases), and where Constitutional violations were alleged. *See Carney*, 592 U.S. at 60.

Here, Plaintiffs fail to allege any actual or imminent harm that is concrete and particularized to them. The Amended Complaint and the parental declaration exhibits annexed thereto demonstrate that neither Plaintiff N.C. nor any of the children of the Organizational Plaintiffs' members are or ever were qualified to apply to STEP even if the racial classifications and eligibility criteria options in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a) did not exist. *See generally*, Amended Compl.; Declaration of Yiatin Chu, ECF No. 28-1 at ¶ 8; Declaration of Chien Kwok, ECF No. 28-2 at ¶ 8; Redacted Declaration, ECF No. 28-3 at ¶¶ 7, 13; Declaration of Yi Fang Chen, ECF No. 28-4 at ¶ 8. The parent member of IEAG is the only one to allege that her child even *attempted to complete* a STEP *application*, but she admits that the child "was unable to complete an application for admission to the summer 2023 STEP session . . . because [the child] was required to satisfy a family income threshold." *See* Redacted Declaration, ECF No. 28-3 at ¶ 7.

Plaintiffs attempt to circumvent their standing shortfalls with blanket claims that the children are "able and ready" to apply to STEP. S*ee* Declaration of Yiatin Chu, ECF No. 28-1 at ¶ 7; Declaration of Chien Kwok, ECF No. 28-2 at ¶ 7; Redacted Declaration, ECF No. 28-3 at ¶ 12; Declaration of Yi Fang Chen, ECF No. 28-4 at ¶ 7.  However, they cannot be "able and ready" to apply to STEP in the absence of the racial classifications and eligibility criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a) when they do not meet the remaining qualification criteria for STEP.  Therefore, the statements of being "able and ready" should be disregarded as contrary to the pleadings and supporting declarations.

Indeed, Plaintiffs allege nothing more than a generalized grievance.  Assuming the truth of the factual allegations set forth in the Amended Complaint, Plaintiffs fail to "differentiate [themselves] from a general population of individuals affected in the abstract by the legal provision [under] attack[ ]." *Carney*, 592 U.S. at 58.  Because Plaintiffs are not qualified to apply for STEP even in the absence of the challenged legislation, their standing is no different from the majority of the population who are likewise not qualified for STEP.  For example, Plaintiff N.C. and her mother, Yiatin Chu, are equally unable to apply to STEP in the absence of the challenged legislation.  Indeed, Plaintiff N.C. and *any adult* in New York are equally unable to apply to STEP in the absence of the racial classifications and eligibility criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a).  Therefore, the Amended Complaint pleads only "a grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law." *See Carney* at 58.  A finding of standing under these circumstances "would significantly weaken the longstanding legal doctrine preventing this Court from providing advisory opinions at the request of one who, without other concrete injury, believes the government is not following the law." *Id.*

A line of cases have recognized that in the context of an alleged violation of equal protection rights, "'the injury in fact' is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to *obtain* the benefit" (emphasis added). *Comer v. Cisneros*, 37 F.3d 775, 793 (2d Cir.1994) (quoting *Northeastern Florida Chapter of Associated Gen. Contractors v. City of Jacksonville*, 508 U.S. 656, 666 (1993)). However, "[t]he impetus behind this standard was to save those plaintiffs from having to affirmatively show that they would have *obtained* the benefit but for the barrier" but the standard "does not dispense with the Article III injury requirement" (emphasis added). *Roberts v. Bassett*, 22-CV-710, 2022 WL 785167, at *4 (E.D.N.Y. Mar. 15, 2022). Thus, courts still require plaintiffs with equal treatment barrier claims to show that they either applied for a public benefit, will apply imminently, or at minimum, that it was very likely they would have applied in the absence of the alleged discrimination. *See Malloy*, 861 F.3d at 47.

In all scenarios in which plaintiffs were found to have standing, the plaintiffs were qualified and able to apply for the benefit in the absence of the alleged discriminatory harm. For example, in *Warth*, a case challenging an allegedly discriminatory local zoning ordinance, the Supreme Court found no standing for numerous petitioners. *See Warth*, 422 U.S. at 516-18. There, affidavits indicated that petitioners were not qualified to acquire housing available in the area irrespective of the allegedly discriminatory zoning ordinance. *See Warth*, 422 U.S. at 506-07. The Court denied standing because the petitioners in *Warth* were not qualified for the benefit regardless of the zoning ordinance challenged, respective relief would not remove the harm, and the petitioners could not litigate the rights of others. *See Warth*, 422 U.S. at 516-18. As a result, their case was dismissed. *See id*. On the other hand, in *City of Jacksonville*, the Supreme Court held that the plaintiffs did have standing because they were qualified for the benefit sought in that the

facts established that they "regularly bid on contracts in Jacksonville and would bid on those that the [challenged ordinance] made unavailable to them." *City of Jacksonville*, 508 U.S. at 668.

These Plaintiffs are like the Plaintiffs in *Warth* as opposed to *City of Jacksonville*. Therefore, even without the racial classifications and eligibility criteria in N.Y. Educ. Law § 6454(1)(b) and 8 NYCRR § 145-6.5(a), Plaintiffs' inability to apply to STEP is unchanged. As a result, Plaintiffs' claims are merely generalized grievances about the law—this Court's decision may affect other members of the public, but it will not affect *these* Plaintiffs because Plaintiffs in this case have no injury in fact which is redressable by this Court. Instead, Plaintiffs only allege a generalized grievance not applicable to them personally and individually. Plaintiffs lack standing and the Amended Complaint should be dismissed. *See Carney*, 592 U.S. at 60; *Warth*, 422 U.S. at 516-18.

C. **THE ORGANIZATIONAL PLAINTIFFS LACK STANDING WHERE THEY ALLEGE NO DIRECT INJURY TO THE ORGANIZATIONS AND THEIR MEMBERS WOULD NOT HAVE STANDING INDIVIDUALLY**

An organization establishes standing in one of two ways: it may assert its own rights where it sustained a direct injury, or it may assert the rights of its members under the doctrine of associational standing. *See Faculty v. New York Univ.*, 11 F. 4th 68, 75 (2d Cir. 2021) (citing *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 [1977]). The U.S. Supreme Court set forth the requirements for associational standing in *Hunt*, 432 U.S. at 343. There, the Court held that where an organization has not suffered a direct injury, associational standing (standing solely as the representative of its members) requires the organization to demonstrate: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt*, 432 U.S. at 343.

11

In this case, the Amended Complaint and supporting affidavits are devoid of any allegation that the Organizational Plaintiffs were directly injured, and therefore, none of the Organizational Plaintiffs have direct standing. *See generally*, Amended Compl. As a result, all three Organizational Plaintiffs must satisfy the associational standing requirements set forth in *Hunt*. *See Faculty*, 11 F. 4th at 75 (setting forth the two types of standing for organizations—direct or associational); *Hunt*, 432 U.S. at 343.

However, the Organizational Plaintiffs cannot satisfy the first prong of *Hunt* because their members would not have standing to sue in their own right. First, none of the Organizational Plaintiffs' members can satisfy the "injury in fact" component of *Spokeo* because they do not allege an injury to their own legally protected interests. Indeed, the Organizational Plaintiffs' members cannot suffer an injury because of STEP since the program is limited to school-aged children. Second, as parents, none of the members would have standing to assert claims individually for an alleged violation of their child's rights.

### a. None of the Organizational Plaintiffs' Members Allege an Injury-in-Fact to Their Own Legally Protected Interests

To establish the first prong of *Hunt*, "an organization must satisfy the familiar three elements of standing under Article III." *Faculty v. New York University*, 11 F. 4th 68, 75 (2d Cir. 2021). As discussed above, under the law of Article III standing, plaintiffs are required to demonstrate that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338.

With regard to the "injury in fact" requirement under *Spokeo*, federal courts have consistently required plaintiffs to allege an injury to their own legally protected interests such that the injury "affect[s] the plaintiff[s] in a personal and individual way." *Rynasko v. New York Univ.*,

12

63 F. 4th 186, 193 (2d Cir. 2023) (quoting *Harty v. W. Point Realty, Inc.*, 28 F. 4th 435, 442 (2d Cir. 2022)); *see also Fulani v. Bentsen*, 35 F. 3d 49, 52 (2d Cir. 1994) (holding that "the injury must be concrete in nature and particularized to [the plaintiff]"); *U.S. Catholic Conference*, 885 F. 2d at 1023–24 (requiring plaintiffs to show that the alleged injury suffered is "particularized to them"); *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("A plaintiff must always have suffered 'a distinct and palpable injury to himself[.]'").  This is important because plaintiffs may only "assert [their] own legal rights and interests, and cannot rest [their] claim[s] to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499.

For this reason, "Section 1983 (42 U.S.C. § 1983) does not recognize a claim on behalf of one person arising from a violation of another person's rights." *T.P. ex rel. Patterson v. Elmsford Union Free School Dist.*, No. 11-CV-5133, 2012 WL 860367, at *3 (S.D.N.Y. Feb. 27, 2012); *see also Kaminski v. Commissioner of Oneida Co. Dept. of Social Services*, 804 F. Supp. 2d 100, 104-05 (N.D.N.Y. Aug. 5, 2011) (explaining that even if plaintiff's parental rights had not been terminated they would still lack standing because "parents lack standing to bring claims individually pursuant to § 1983 based solely upon a deprivation of a child's constitutional rights"); *Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 7:06–cv–15509, 2011 WL 1079944, at *3 (S.D.N.Y. Mar. 24, 2011) (stating that plaintiffs cannot recover on any derivative claim based on a § 1983 civil rights violation).

Here, none of the Organizational Plaintiff members allege any injury to their own legally protected interests such that the injury "affect[s] the plaintiff[s] in a personal and individual way." *See generally*, Amended Compl.  CACAGNY's member Yiatin Chu alleges that her daughter, N.C., was discriminated against because of her race in being unable to apply for STEP.  Declaration of Yiatin Chu, ECF No. 28-1 at ¶ 10. Likewise, CACAGNY member Chien Kwok alleges that his

son, E.K., was discriminated against because of his race. Declaration of Chien Kwok, ECF No. 28-2 at ¶ 10. Plaintiff IEAG's identified member alleges that her two children were discriminated against because of their race. Redacted Declaration, ECF No. 28-3 at ¶ 15. Plaintiff HOPE's identified member Yi Fang Chen also alleges that their son, M.P., was discriminated against because of his race. Declaration of Yi Fang Chen, ECF No. 28-4 at ¶ 10. Indeed, the Organizational Plaintiffs' members cannot suffer an injury-in-fact that is personal and individual because participation in the STEP program is limited to school-aged children. N.Y. Educ. Law § 6454(1)(b).

Because the Organizational Plaintiffs' members only allege injuries to their children and not to themselves, and STEP participation is limited to children, they cannot meet the "injury in fact" requirement under *Spokeo*, and therefore, would not have standing to sue in their own right. *See Spokeo*, 578 U.S. at 338. As a result, none of the Organizational Plaintiffs have associational standing because they cannot meet the first prong of *Hunt*. *See Hunt*, 432 U.S. at 343.

> **b. None of the Organizational Plaintiff Members Could Assert Claims Individually for an Alleged Violation of Their Child's Rights Relative to a Government Funded School Program**

In the context of a parent-child relationship, courts in this district have expressly and consistently held that parents "do not have standing to assert claims on their own behalf for a violation of their child's rights." *Horton v. Bd. of Educ. of the Sherburne-Earlville Cent. Sch. Dist.*, 5:15-cv-00782, 2016 WL 2354266, at *2 (N.D.N.Y. May 4, 2016) (citing *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-cv-5881, 2012 WL 4477552, at *19 (S.D.N.Y. Sept. 27, 2012)); *see also T.P. ex rel. v. Elmsford Union Free Sch. Dist.*, No. 11 CV 5133, 2012 WL 860367, at *3 (S.D.N.Y. Feb. 27, 2012) (dismissing a parent's § 1983 claim for lack of standing where the only asserted injuries were suffered by her daughter); *Morgan v. City of New York*, 166 F. Supp.2d 817,

819 (S.D.N.Y. Apr. 19, 2001) (dismissing a § 1983 claim asserted by a mother claiming the right for her child to receive a public high school education).

Indeed, parents lack individual standing to challenge government funded public school programs because parents are not participants (i.e., intended beneficiaries) of the challenged school programs and therefore cannot suffer a direct, personal injury where their child's rights are purportedly violated. *See JG & PG ex rel. JGIII v. Card*, No. 08 Civ. 5668, 2009 WL 2986640, at *6 (S.D.N.Y. Sept. 17, 2009); *see also Morgan*, 166 F. Supp. 2d at 819 (finding that a parent does not have a valid claim under § 1983 for violation of the parent's alleged "right for her female child to receive the benefits of a public high school education" because "only the person toward whom the state action was directed [plaintiff's daughter], and not those incidentally affected may maintain a § 1983 claim."); *Horton*, 5:15-cv-00782, 2016 WL 2354266, at *2 (reiterating that a parent with a § 1983 claim based upon an alleged violation of her daughter's right to receive the benefits of a public high school education does not have standing individually because "only the person toward whom the state action (the benefits of a public education) was directed, and not those incidentally affected may maintain a § 1983 claim."); *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-cv-5881, 2012 WL 4477552, at *19 (finding that parents lacked standing under § 1983 because they suffered no injury where there was no allegation that plaintiff parents had been personally subjected to student harassment).

In this case, the Organizational Plaintiffs' members are parents, not children. CACAGNY, IEAG, and HOPE all contend that their members *have children* who would like to be accepted into the STEP program but allegedly cannot because of their race. *See* Amended Compl. ¶¶ 8-10. The Amended Complaint does not allege that the members' children are also members of these organizations. *See* Amended Compl. ¶¶ 8-10. Instead, the Amended Complaint expressly

15

identifies only parental membership. *See* Amended Compl. ¶¶ 8-10; *Cf. Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181, 199-200 (2023) (finding that the plaintiff organizations had standing because they met the three-part test for associational standing articulated in *Hunt*. There, unlike here, the organization's members *were the students*, not their parents).

As parents, the Organizational Plaintiffs' members are not "eligible students" for the STEP program, N.Y. Educ. Law § 6454(1)(b), and none of the parent members of the Organizational Plaintiffs would "have standing to sue in their own right" for alleged violations of their children's rights relative to STEP,[4] *see Horton*, 5:15-cv-00782, 2016 WL 2354266, at *2 (parents "do not have standing to assert claims on their own behalf for a violation of their child's rights"), because a parent cannot suffer injury where the benefit/right involved is directed towards students, not their parents. *See Morgan*, 166 F. Supp.2d at 819 (finding no standing under § 1983 for a parent whose child was allegedly deprived of state high school education benefits because those benefits are directed towards students, not parents). Indeed, to establish an "injury in fact" relative to an allegedly discriminatory selection policy, a plaintiff must submit to the challenged policy such that they are able and ready to apply for admission to it. *See Do No Harm v. Pfizer Inc.*, 646 F. Supp.3d 490, 505-506 (S.D.N.Y. Dec. 16, 2022). As parents, none of the members of the Organizational Plaintiffs can apply for admission to STEP. *See* N.Y. Educ. Law § 6454(1)(b). Therefore, the Organizational Plaintiffs lack standing because they cannot satisfy the first prong of the associational standing requirements under *Hunt*. *See Hunt*, 432 U.S. at 343.

---

[4] Notably, CACAGNY's member, Yiatin Chu, originally plead herself as an individual, direct Plaintiff but changed her status to a representative Plaintiff on behalf of her daughter, N.C. after Defendant challenged her standing. *See* Complaint, ECF No. 1.; *cf.* Amended Complaint, ECF No. 28.

Since the Complaint fails to allege a direct organizational injury and the Organizational Plaintiffs do not qualify for associational standing under *Hunt*, the Amended Complaint should be dismissed as to all Organizational Plaintiffs for lack of standing. *See U.S. Catholic Conference*, 885 F. 2d at 1023; *see also Connecticut Citizens Defense League, Inc.*, 23-724-cv, 2024 WL 177707, at *2 (2d Cir. 2024) (holding that "dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction is proper when the district court 'lacks the statutory or constitutional power to adjudicate' the action, 'such as when ... the plaintiff lacks constitutional standing to bring the action.'").

## CONCLUSION

Based upon the foregoing reasons, Defendant's motion to dismiss should be granted and the Amended Complaint should be dismissed in its entirety, with prejudice.

Dated: Albany, New York
April 19, 2024

        LETITIA JAMES
        Attorney General
        State of New York
        *Attorney for Defendant*
        The Capitol
        Albany, New York 12224

By: _/s/ Lela M. Gray_
Lela M. Gray
Assistant Attorney General, of Counsel
Bar Roll No. 517342
Telephone: (518) 776-2590
Email: Lela.Gray@ag.ny.gov

To: All Counsel of Record (via ECF)