UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

N.C. ex rel. YIATIN CHU; CHINESE
AMERICAN CITIZENS ALLIANCE OF
GREATER NEW YORK; INCLUSIVE
EDUCATION ADVOCACY GROUP; and
HIGHER WITH OUR PARENT
ENGAGEMENT,

                    Plaintiffs,


          -v-                          1:24-CV-75

BETTY A. ROSA, in her official capacity
as Commissioner of Education for the
State of New York,

                    Defendant.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                    OF COUNSEL:

PACIFIC LEGAL FOUNDATION         DAVID J. HOFFA, ESQ.
Attorneys for Plaintiffs         ERIN E. WILCOX, ESQ.
555 Capital Mall, Suite 1290
Sacramento, CA 95814


LEGAL INSURRECTION               JAMES R. NAULT, ESQ.
    FOUNDATION: EQUAL            WILLIAM A. JACOBSON, ESQ.
        PROTECTION PROJECT
Attorneys for Plaintiffs
18 Maple Ave. 280
Barrington, RI 02806


LETITIA JAMES                    LELA M. GRAY, ESQ.
Attorneys for Defendant
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

### DECISION and ORDER

## I. INTRODUCTION

On January 17, 2021, plaintiffs Yiatin Chu ("Chu"), Chinese American Citizens Alliance of Greater New York ("CACAGNY"), Inclusive Education Advocacy Group ("IEAG"), and Higher With Our Parent Engagement Group ("HOPE") filed a 42 U.S.C. § 1983 action against the Commissioner of Education for the State of New York, Betty A. Rosa ("defendant"). Dkt. No. 1. Thereafter, plaintiffs amended their complaint, substituting Chu's minor child N.C., represented by Chu, as the individually named plaintiff. Dkt. No. 28. Together, N.C. *ex rel* Chu, CACAGNY, IEAG, and HOPE (collectively "plaintiffs") assert that the State of New York's Science and Technology Entry Program ("STEP") violates the Equal Protection Clause of the Fourteenth Amendment because it impermissibly imposes race-based eligibility requirements. *Id.*

Defendant has moved pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) to dismiss the amended complaint for lack of subject matter jurisdiction. Dkt. No. 32. The motion has been fully briefed and will be considered on the basis of the submissions and without oral argument. Dkt. Nos. 40–41.

## II.  **BACKGROUND**

STEP is an early college program that permits eligible students interested in science, technology, and related fields to enter summer or year-long programs that give students a "head start" to pursue their career goals.  Am. Compl. ¶ 2.  To that end, STEP provides participants with tutoring, college admissions counseling, and research opportunities.  Am. Compl. ¶ 2.  These benefits are funded by New York State.  *Id.*  The program defines eligible students as either (1) members of minorities that have been historically underrepresented in "target fields"; or (2) those who are economically disadvantaged.  *Id.* ¶ 13.  STEP defines underrepresented minorities as Black, Hispanic, American Indian, or Alaskan Native.  *Id.*

N.C. is a seventh-grade student interested in a career in science and technology with an overall grade point average ("GPA") above 80.  Am. Compl. ¶ 7.  *Id.*  She is prepared to apply for STEP.  *Id.*  N.C. is Asian-American.  *Id.*  Due to her race, she is not deemed an underrepresented minority.  *Id.* ¶¶ 7, 13.  N.C.'s family's total annual income exceeds the limits established by the program and is thus ineligible for the program.  *Id.*  As a result, she has not applied for admission.  *Id.*

CACAGNY is a non-profit organization located in New York City.  Am. Compl. ¶ 8.  CACAGNY's mission is to "empower Chinese Americans by advocacy for Chinese-Americans based on principles of fairness and equal

opportunity[.]" *Id.* CACAGNY's member-base includes parents of another seventh-grade student who is ineligible for STEP under the income requirements and is not otherwise eligible as a member of a historically underrepresented minority. *Id.* She has not applied for the program due to her ineligibility. *Id.*

IEAG is a "grassroots parent organization" located in New York City. Am. Compl. ¶ 9. IEAG's mission is to "fight discriminatory eligibility and admissions practices that restrict applicants based on race and ethnicity." *Id.* IEAG's members include the parents of an eleventh-grade student who attempted to apply for entry to STEP but was unable to complete her application because she does not qualify as a racial minority and because her family's total annual income exceeds the income requirements. *Id.* Another IEAG member's son, an eighth-grade student was also unable to apply for STEP for the same reasons. *Id.*

HOPE is another nonprofit organization located in New York City. Am. Compl. ¶ 10. HOPE's mission is to help Chinese-American parents in the New York City area understand and navigate available educational opportunities for their children. *Id.* Members of HOPE include parents of a sixth-grade student who is also unable to apply for STEP because he does not qualify as a racial minority and cannot satisfy the family income requirements. *Id.*

Plaintiffs' lawsuit seeks both declaratory and injunctive relief invalidating the race-based eligibility criteria as unconstitutional and enjoining the State of New York from enforcing it.

## III.  **LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 297–98 (N.D.N.Y. 2019) (cleaned up).  Rule 12(b)(1) motions may be either *facial* or *fact-based*.  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016).

Facial Rule 12(b)(1) motions are "based solely on the allegations of the complaint . . . and exhibits attached to it[.]"  *Id.*  To resolve a facial motion, the district court must "determine whether the pleading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* (cleaned up).  In doing so, the district court "must accept the complaint's allegations as true and draw all reasonable inferences in favor of the plaintiff." *Wagner v. Hyra*, 518 F. Supp. 3d 613, 623 (N.D.N.Y. 2021) (quoting *Nicholas v. Trump*, 433 F. Supp. 3d 581, 586 (S.D.N.Y. 2020)).

By contrast, a defendant who makes a fact-based Rule 12(b)(1) motion submits extrinsic evidence.  *Carter*, 822 F.3d at 57.  If defendant's extrinsic evidence reveals a dispute of fact whether jurisdiction is proper, plaintiff

must proffer evidence to controvert defendant's evidence. *Id.* To resolve a fact-based motion, the district court must then make findings of fact to determine whether plaintiff has standing to sue. *Id.*

## IV. **DISCUSSION**

Plaintiffs' amended complaint sets forth an equal protection claim brought pursuant to 42 U.S.C. § 1983. Am. Compl. ¶¶ 27–34. According to plaintiffs, the State of New York's STEP program is violative of the Equal Protection Clause of the Fourteenth Amendment because it imposes impermissible racially discriminatory eligibility criteria. *Id.* Defendant has moved pursuant to Rule 12(b)(1) to dismiss plaintiffs' amended complaint for lack of subject matter jurisdiction. Def.'s Mem., Dkt. No. 32-2 at 3.[1]

### A. **Standing**

Standing implicates the Court's subject matter jurisdiction. *David v. Whittaker*, 2024 WL 4512407, at *3 (N.D.N.Y. Oct. 17, 2024) (citation omitted). This is because "Article III limits the judiciary's power to hear only 'cases or controversies.'" *Grinnell v. United States Env't Prot. Agency*, –F. Supp. 3d–, 2024 WL 2945718, at *5 (N.D.N.Y. June 6, 2024) (quoting U.S. CONST. art. III § 2); *Collins v. Ne. Grocery, Inc.*, –F. Supp. 3d–, 2024 WL 3829636, at *3 (N.D.N.Y. Aug. 15, 2024) (quoting *SM Kids, LLC v. Google*

---

[1] Pagination corresponds to CM/ECF header.

*LLC*, 963 F.3d 206, 211 (2d Cir. 2020)) ("The standing doctrine, which emerges from Article III, is designed 'to ensure that federal courts do not exceed their authority as it has been traditionally understood.'").

There is a case or controversy "where there are 'adverse parties with personal interests in the matter.'" *Grinnell*, 2024 WL 2945718, at *5 (quoting Antonin Scalia, *The Doctrine of Standing as an Essential Element of the Separation of Powers*, 17 Suffolk U. L. REV. 881, 882 (1983)). The Supreme Court has defined a "personal interest" as having satisfied the "irreducible constitutional minimum of standing[.]" *Collins*, 2024 WL 3829636, at *3 (quoting *N.Y. State Corr. Officers & Police Benevolent Ass'n, Inc. v. Hochul*, 607 F. Supp. 3d 231, 238 (N.D.N.Y. 2022)). That is, the plaintiff must demonstrate an "actual or imminent, concrete and particularized injury-in-fact that is fairly traceable to the challenged action of the defendant and is likely to be redressed by a favorable judicial decision." *Grinnell*, 2024 WL 2945718, at *5 (quoting *Dep't of Educ. v. Brown*, 600 U.S. 551, 561 (2023)).

While plaintiffs' requested relief is not required to *completely* redress the alleged injury, plaintiffs' requested relief must still "'serve to . . . eliminate any effects of' the alleged violation that produced the injury" to be sufficient. *Am. Cruise Lines v. United States*, 96 F.4th 283, 286 (2d Cir. 2024) (quoting *Steele Co. v. Citizens for a Better Env't*, 523 U.S. 105–06 (1998)).

The plaintiff bears the burden to establish each element of standing "with the manner and degree of evidence required at the successive stages of the litigation.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 115 n.5 (2d Cir. 2024) (quoting *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011)). As relevant here, at the pleading stage, the plaintiff must plausibly allege facts that, if true, are sufficient to establish standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### i. Injury-in-Fact

The plaintiffs in this action are a minor child, represented by her mother, and three non-profit organizations. Defendant argues that plaintiffs have not plausibly alleged an adequate injury-in-fact. Def.'s Mem. at 9–11. Defendant asserts that plaintiffs have alleged only a "generalized grievance" that is not concrete, particularized, actual, or imminent because plaintiffs' children never actually applied to STEP. *Id.* But as plaintiffs respond, the injury alleged in their amended complaint is not the denial of the benefits of STEP, but the denial of equal treatment under the program's eligibility criteria. Pls.' Opp'n, Dkt. No. 40-1 at 7–8.

This kind of injury is referred to a "government erected barrier." *Roberts v. Bassett*, 2022 WL 785167, at *3 (E.D.N.Y. Mar. 15, 2022). "[A] policy or program is only a 'barrier' if it denies plaintiffs equal treatment in some manner." *Id.* The Second Circuit has articulated three criteria for

establishing an injury-in-fact under this so-called, "barrier" theory. *Id.* "(1) there exists a reasonable likelihood that the plaintiff is in the disadvantaged group, (2) there exists a government-erected barrier, and (3) the barrier causes members of one group to be treated differently from members of the other group." *Id.* at *4.

Upon review, plaintiffs have plausibly alleged an injury-in-fact under the government erected barrier theory.  Plaintiffs have plausibly alleged that their children are part of the disadvantaged group and that a government erected barrier exists.  As discussed above, STEP is a New York State funded program that provides two entry ways for eligible students: as either a historically underrepresented minority or as economically disadvantaged. *Supra.*  As a state-funded program with racial classifications, the Court is satisfied that plaintiffs have plausibly alleged the existence of a government erected barrier and that their children are members of the disadvantaged group because Asian-Americans are excluded from the list of historically underrepresented minorities.  Instead, to become eligible, Chinese-Americans must meet family income requirements not imposed students who qualify as historically underrepresented minorities. *Supra.*  Further, for the reasons described, plaintiffs have plausibly alleged that their children have been treated differently than members of the historically underrepresented minorities included in the STEP eligibility criteria.

Thus, plaintiffs have plausibly alleged the existence of an injury-in-fact.

## ii. __Redressability__

Next, plaintiffs' injuries must be redressable by the requested relief.

Here, plaintiffs are seeking both declaratory and injunctive relief declaring

the STEP racial classification criteria unconstitutional and enjoining the

State of New York from enforcing the race-based eligibility requirements.

Defendant argues that none of the plaintiffs have sustained an injury in

fact that is redressable by a favorable decision from this Court because

plaintiffs' children would remain ineligible for STEP.  Def.'s Mem. at 3.

According to defendant, plaintiffs' children would remain ineligible due to the

*family income* requirements that plaintiffs have not challenged.  *Id.*  In

defendant's view, plaintiffs' requested relief would not permit their children

to enter the program.

STEP, codified as N.Y. EDUC. LAW § 6454, defines eligible students for the

program as:

> secondary school students who are either economically
> disadvantaged      or      minorities      historically
> underrepresented in the scientific, technical, health,
> and health-related professions as defined by the
> regents   after   consultation   with   the   council

§ 6454.  Thus, STEP provides two "doors" for students to become eligible.

Students who qualify as a specified historically underrepresented minority

may pass through "door one."  *See id.*  Students who do not identify as a

historically underrepresented minority whose family qualifies as economically disadvantaged may enter STEP through "door two." *See id.* Plaintiffs' children cannot enter the program through door one. And as plaintiffs have alleged, their children cannot pass through door two because they do not qualify as economically disadvantaged. However, this is not fatal to plaintiffs' Article III standing.

This is because plaintiffs' purported injury is not the denial of the benefits provided under STEP, but the injury caused by not being able to compete for access on equal footing with other students based on their race. *Supra.* If this Court were to grant plaintiffs the relief they have requested, their children would cease to experience the stigmatic injury they suffer by being treated differently based on their race. Thus, plaintiffs' injury is redressable. Accordingly, defendant's motion to dismiss the amended complaint for lack of standing will be denied.

Therefore, it is

ORDERED that

1. Defendant's motion to dismiss is DENIED; and

2. Defendants are directed to file and serve and ANSWER to plaintiffs' amended complaint on or before December 6, 2024.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  November 22, 2024
        Utica, New York.